[No. 12233.   Department Two.   August 31, 1915.]

WILBUR MAYES, *Appellant*, v. JOE MARTELL *et al.*,
*Respondents.*[1]

VENDOR AND PURCHASER — RESCISSION BY PURCHASER — CLOUD ON
TITLE. A judgment against the vendee in a contract for the sale of
land, suffered by him to become a lien on the property subsequent
to the execution of the contract, is not ground for rescission of the
contract by the vendee's assignee; since the vendor is not bound to
remove a cloud placed on the property by the vendee, and the as-
signee takes only the title of his assignor.

SAME. Such vendee does not better his position or that of his
assignee, by revoking the contract and substituting another running
to a corporation of which he is the sole stockholder, as they are in
effect one and the same person.

SAME—CONTRACTS—ASSIGNMENT — RIGHTS OF ASSIGNEE. An as-
signee of a recorded contract for the sale of land is bound only by
the terms of the contract assigned to him; and cannot be held for
subsequent promises of the vendee to which he was not a party and
of which he had no notice.

Appeal from a judgment of the superior court for King
county, French, J., entered May 7, 1914, in favor of the de-
fendants, in an action for rescission, tried to the court. Af-
firmed.

*Blaine & Kinne*, for appellant.

*William Wray*, for respondents.

PER CURIAM.—On December 24, 1910, the respondents,
Martell and wife, executed to J. W. Evans a real estate con-
tract, whereby they agreed to convey to him, by warranty
deed, certain property in the city of Seattle for a considera-
tion of $5,500, of which $2,670 was acknowledged as paid,
and the balance to be paid within two years. A part of the
initial payment was the conveyance from Evans to respond-
ents of a tract of land in Yakima county which the respond-
ents understood contained thirty-eight acres.

[1]Reported in 151 Pac. 247.

After the execution of the contract, some question arose as to the exact acreage in the Yakima tract, and on December 27th, to adjust matters, Evans gave respondents a written agreement to pay them $142.50 for each acre or fraction thereof which the Yakima tract should be found to contain less than thirty-eight acres.

On July 21, 1909, over a year prior to this time, the Post-Intelligencer Company had recovered a judgment against Evans for $164.90 and costs, and on February 17, 1912, a *lis pendens* for the amount of this judgment was filed against Evans' interest in the land here involved. On April 6, 1912, Evans, for some reason not material here, quitclaimed the property back to respondents, and two days later a new contract, embodying the same terms as the prior contract, was given by respondents to the Seattle and Sunnyside Investment Company, of which Evans was the principal stockholder. This contract was executed in duplicate, one copy being recorded in King county on June 24, 1912. Some time thereafter, the exact date not being disclosed by the record, the respondents and the Seattle and Sunnyside Investment Company attached to the nonrecorded copy of the contract the shortage agreement of December 27, 1910, and added to the contract itself the following: "The Seattle and Sunnyside Investment Co., hereby agree to assume the agreement hereunto attached."

On August 5, 1912, the Seattle and Sunnyside Investment Company assigned the recorded contract to the appellant for a valuable consideration. On December 13, 1913, the appellant tendered to respondents the balance due on the contract and demanded a deed to the property and the satisfaction of the Post-Intelligencer judgment, claiming that it was a cloud on the title to the land. Mrs. Martell, to whom the tender was made, refused to accept the tender unless appellant paid in addition $427.50, which was the amount respondents claimed was due them for shortage in the Yakima property, and which Evans had agreed to pay for by the shortage

agreement. Appellant refused to pay this additional sum and began this action to secure a rescission of the contract, the recovery of money paid on the purchase price, the value of improvements placed by him on the property, and taxes paid by him.

The trial court held that appellant was not bound by the agreement of Evans to pay for shortage in the Yakima land, and that, as he had knowledge of the Post-Intelligencer judgment when he made the purchase, he was not entitled to a satisfaction thereof before accepting a deed. The trial court found, also, that appellant had not made an unconditional tender of the balance due on the contract, but had made the tender subject to a satisfaction of the Post-Intelligencer judgment, and was not entitled to a rescission because of respondents' refusal to accept the tender.

The decree ordered the appellant to pay the balance due on the contract within thirty days, whereupon respondents were to convey the property to him free from all incumbrances except the judgment. By this appeal, the appellant seeks to establish his right to a rescission of the contract and a recovery of the purchase price and expenditures made upon the property.

Admitting, without so deciding, that the Post-Intelligencer judgment is a lien on the property and a cloud on the title, as argued by the appellant, the contract cannot be rescinded for that reason alone. While there is no question that, under their contract, the respondents would be bound to deed the property free from incumbrances antedating the contract or resulting from their acts, they are not bound to remove incumbrances placed thereon by the grantee himself subsequently to the execution of the contract. The fact that the first contract was revoked and a new contract given to the Investment Company, does not alter the rule, since the Investment Company was practically Evans incorporated. Neither Evans nor the Investment Company could have set up the judgment as a ground for refusing to accept a deed.

Appellant, being an assignee of the Investment Company, acquired no greater rights than his assignor.

The respondents, on the other hand, cannot withhold the deed until appellant pays for the shortage in the Yakima property. He was bound only by the terms of the contract assigned to him. His rights are to be determined by the terms of the recorded contract. Any conditions added subsequently, to which he was not a party and of which he had no notice, are as to him unavailable.

We find no error in the judgment. The trial court allowed the appellant thirty days in which to complete the contract. The judgment will therefore be affirmed, with directions to allow appellant thirty days from the filing of the remittitur herein to comply with the decree of the trial court.